UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

| | |
|---|---|
| LILIYA PILIPENKO and BORIS VOLCHKIN, individually, and as administrators of the estate of DENIS VOLCHKIN, | **COMPLAINT** |
| Plaintiffs, | Jury Trial Demanded |
| | 15 CV 6053 |
| -against- | |
| CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

------------------------------------------------------------------x

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States, and the laws of the State of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiffs demand a trial by jury in this action.

## PARTIES

7. Plaintiff Liliya Pilipenko is a resident of Kings County in the City and State of New York. Ms. Pilipenko is an administrator of the estate of her deceased son, Denis Volchkin.

8. Plaintiff Boris Volchkin is a resident of Kings County in the City and State of New York. Mr. Volchkin is an administrator of the estate of his deceased son, Denis Volchkin.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10. At all times relevant defendant John Doe 1 was a police officer, detective or supervisor employed by the NYPD. John Doe 1 shot and killed Denis Volchkin. Plaintiffs do not know the real name and shield number of defendant John Doe 1.

11. At all times relevant defendant John Doe 2 was a police officer, detective or supervisor employed by the NYPD. John Doe 2 was present for and failed to intervene in the death of Denis Volchkin. Plaintiffs do not know the real name and shield number of defendant John Doe 2.

12. At all times relevant herein, defendants John Doe 1 and 2 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 and 2 are sued in their individual and official capacities.

13. At all times relevant defendants John and Jane Doe 3 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 3 through 10.

14. At all times relevant herein, defendants John and Jane Doe 3 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 3 through 10 are sued in their individual and official capacities.

15. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16. Shortly before his death, at approximately 7:45 p.m. on October 3, 2014, Denis Volchkin was sitting on a couch in his parents' living room at 2466 East 26th Street in Brooklyn, New York.

17. Denis Volchkin was extremely intoxicated. His blood alcohol level was at least four times the legal limit, and he had benzodiazepine tranquilizers in his system, along with marijuana and other depressants.

18. In response to 911 calls placed by Denis Volchkin's mother, Ms. Pilipenko, Police Officers John Doe 1 and 2 arrived at plaintiffs' residence and entered through the rear door.

19. Upon information and belief, Denis Volchkin was unarmed when the officers arrived.

20. Upon information and belief, at the time of the officers' arrival and entry into the home, Denis Volchkin's state of intoxication was both explicitly known to the officers and readily visible, and he was either totally or essentially catatonic, or at a minimum visibly unable to make deliberate movements, due to the extreme intoxication.

21. The officers entered the living room and found Denis Volchkin sitting on the couch, unarmed.

22. A short time later, from, upon information and belief, approximately 15 feet away, John Doe 1 shot and killed Denis Volchkin.

23. At the time the officer killed Denis Volchkin, Mr. Volchkin did not pose an imminent threat of harm to himself or anyone else.

24. In killing Mr. Volchkin under these circumstances, John Doe 1 violated both the Constitution and the NYPD Patrol Guide, which requires officers to follow special procedures when dealing with intoxicated and/or emotionally disturbed civilians, including requesting the NYPD's Emergency Services Unit.

25. John Doe 2 failed to prevent John Doe 1 from unnecessarily killing Denis Volchkin, even though he had an opportunity to do so.

26. Upon information and belief, John Doe 1 and 2 are incompetent officers who were unfit and inadequately trained to respond to Ms. Pilipenko's 911 call.

27. Upon information and belief, after killing Denis Volchkin, the defendants fabricated evidence, including a knife, and altered the crime scene, in an effort to cover up their actions and present the killing as justified.

28. Ms. Pilipenko was close by and heard the shot that killed her son. When she attempted to enter her apartment, the officers assaulted her and pushed her back.

29. Within ninety days after the claims alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

30. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

31. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

32. Plaintiffs suffered damage as a result of defendants' actions. Plaintiffs and plaintiffs' decedent suffered pain and suffering, loss of love, loss of companionship, loss of comfort, loss of affection, loss of society, loss of solace, loss of moral support, loss of protection, loss of advice, loss of care, pecuniary loss, conscious pain and suffering and loss of services.

## FIRST CLAIM
### Wrongful Death

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Defendants acted negligently in responding to Liliya Pilipenko's 911 calls.

35. Defendants' negligence caused the death of Denis Volchkin.

36. Plaintiffs are the next of kin of Denis Volchkin and the administrators of his estate.

37. Plaintiffs have suffered financial damage as a result.

38. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages herein before alleged.

39. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under New York State law pursuant to the doctrine of *respondeat superior*.

## SECOND CLAIM
### Unreasonable Force

40. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force in killing Denis Volchkin and assaulting his mother, plaintiff Lililya Pilipenko.

42. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law Assault and Battery

43. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, the defendants are liable to plaintiffs for having assaulted and battered Denis Volchkin and plaintiff Liliya Pilipenko.

45. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiffs sustained the damages alleged herein.

## FOURTH CLAIM
### Negligence; Negligent Hiring/Training/Retention

47. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

48. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to Denis

Volchkin and plaintiffs or to those in a like situation would probably result from the foregoing conduct.

49. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

50. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

51. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiffs' injuries.

52. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Intentional Infliction of Emotional Distress

53. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

54. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct

so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiffs.

55. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

56. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiffs. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

57. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Negligent Infliction of Emotional Distress

58. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

59. By reason of the foregoing, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiffs.

60. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

61. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

62. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Deliberate Indifference

63. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

64. The individual defendants were aware of a risk to the life and safety of Denis Volchkin and failed to act and/or acted improperly, in deliberate indifference to plaintiffs' federally-protected constitutional rights.

65. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiffs' safety.

66. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Denial of Due Process

67. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

68. By their conduct as described herein, the individual defendants deprived plaintiffs of due process of law.

69. Accordingly, defendants violated the Fourteenth Amendment.

70. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Failure to Intervene

71. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

72. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

73. Accordingly, the defendants who failed to intervene violated the Fourth, and Fourteenth Amendments.

74. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Liability of the City of New York for Constitutional Violations

75. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

76. At all times material to this complaint, defendant City of New York, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

77. At all times material to this complaint, defendant City of New York, acting through its police department, and through the individual defendants, had <u>de facto</u> policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employee police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline

said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

78. At all times material to this complaint, the defendant City of New York, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of unnecessarily provoking, and/or unnecessarily resorting to deadly force when dealing with, emotionally disturbed and/or intoxicated individuals. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

79. At all times material to this complaint, the defendant City of New York, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence." Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

80. As a direct and proximate result of this unlawful conduct, plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated:   October 21, 2015
         New York, New York

_____
Gabriel Harvis
HARVIS & FETT LLP
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

JEFFREY A. ROTHMAN, Esq.
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980

*Attorneys for plaintiffs*