UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LILYA PILIPENKO and BORIS VOLCHKIN, individually, and as administrators of the estate of DENIS VOLCHKIN,

                                     Plaintiffs,

                  -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                     Defendants.

------------------------------------------------------------------- x

**PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

15-cv-6053 (NG)(PK)

       **WHEREAS**, preparation for trial and trial of the above-captioned action may require the discovery, production and use of documents that contain information deemed confidential or otherwise deemed inappropriate for public disclosure; and

       **WHEREAS**, good cause exists for the entry of an order in the above-captioned lawsuit, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

       **NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

       1.    As used herein, the term "Action" shall mean the lawsuit captioned above.

       2.    "Confidential Materials" shall mean:

           (a)    all medical records concerning any plaintiff, as well as plaintiffs' home address, telephone numbers, social security number, and date of birth;

    (b) all New York City Police Department ("NYPD") employees' home addresses, telephone numbers, social security numbers, dates of birth, worker's compensation records, and medical records;

    (c) all NYPD employees' personnel records files and information relating to their employment histories;

    (d) any documents that the Producing Party believes in good faith should be designated as "Confidential Materials" hereunder provided such designation complies with paragraph (4) below.

  Documents and information shall not be deemed "Confidential Materials" to the extent that they are otherwise publicly available.

    3. Neither plaintiffs' nor defendant's attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this Action, except that nothing herein shall limit a party's use of its own Confidential Materials.

    4. In order to designate documents or other material as "Confidential" within the meaning of this Protective Order, the Producing Party must affix the legend "Confidential" to the documents or material in a manner so as not to interfere with the legibility thereof. Alternatively, the Producing Party may designate as "Confidential" any documents or material pursuant to this Order within a reasonable time after production of such documents or material (which shall not exceed forty-five (45) days after production, absent compelling and unusual circumstances), by making such designation specifically by Bates number or range, in a writing directed to the Receiving Party's attorneys.

    5. If the Receiving Party objects to the designation of particular documents as "Confidential Materials," they shall state such objection and the basis for their objection in

writing to the Producing Party within forty-five (45) days of the date of production (or designation, if later designated pursuant to paragraph 4) and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved within twenty-one (21) days after the Producing Party receives the Receiving Party's objections, then the Producing Party shall, within thirty (30) days thereafter, move for an order approving such designation. Absent compelling and unforeseeable circumstances, failure to comply with the deadlines in this paragraph 4 shall constitute abandonment of that party's right to object or move, as the case may be.

6. Attorneys for a Receiving Party shall not disclose Confidential Materials to any person other than a party, attorneys for that Party or any member of the staff of those attorneys' office or firm, except under the following conditions:

(a) Disclosure may be made only to the parties in this action and their attorneys (and staff employed by those attorneys' office or firm), to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of this Action, to a witness at a deposition, or to the Court.

(b) Before any disclosure is made to an expert or consultant described in subparagraph (a) above, the Receiving Party's attorneys shall provide each such expert or consultant with a copy of this Stipulation and Protective Order, and such expert or consultant shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution or defense of this Action and not to further disclose the Confidential Materials except in written or oral testimony in this Action. The signed consent shall be retained by that

party's attorneys and a copy shall be furnished to the Producing Party upon request, but only with respect to those witnesses who are identified by a party pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

7. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be marked or designated "Confidential." If any Confidential Material is an exhibit to a deposition, that exhibit shall be deemed "Confidential." Such portion of the transcript and exhibits shall be Confidential Materials within the meaning of this Protective Order.

8. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court in accordance with the instructions of the Eastern District of New York for filing documents under seal.

9. Nothing in this Protective Order shall preclude a party from using, for any purpose outside this litigation, documents that party produced, or deposition testimony that party alone has designated (and no other party has designated), as Confidential Materials.

10. Notwithstanding the foregoing provisions, where the Confidential Material is not relevant to issues addressed in court submissions and the parties agree in writing that the redaction of such confidential information would be sufficient to protect the interests of the Producing Party, the parties may file such redacted documents without further order of the Court.

11. Nothing in this Protective Order shall be construed to limit plaintiffs' or defendants' right to object to use of the Confidential Materials in any manner.

12. This Protective Order will survive the termination of the litigation and will

continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

13. The Court will retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Protective Order at any time.

Dated:  New York, New York
May ___, 2016

HARVIS & FETT, LLP
305 Broadway, 14th Floor
New York, NY 10007
(212) 323-6880

By: _____
    Gabe Harvis, Esq.

Jeffrey Rothman, Esq.
315 Broadway, Suite 200
New York, NY 10007
(212) 227-2980

By: ___/s/_____
    Jeffrey Rothman, Esq.

*Attorneys for Plaintiffs*

ZACHARY W. CARTER
Corporation Counsel of the
City of New York
100 Church Street
New York, New York 10007
(212) 356-2654

By: _____
    Michael K. Gertzer, Esq.

*Attorney for Defendant City of New York*

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: Brooklyn, New York
May 11, 2016

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order concerning Confidential Materials entered in the United States District Court for the Eastern District of New York in this action entitled <u>Pilipenko, et al. v. City of New York, et al.</u>, 15-CV-6053(NG)(PK), and understands the terms thereof. The undersigned agrees not to use Confidential Materials defined therein for any purpose other than in connection with the prosecution of this action, and will not disclose Confidential Materials except in testimony in this action.

_____                    _____
Date                                              Signature

                                                  _____
                                                  Print Name

                                                  _____
                                                  Occupation