

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL K. GERTZER
Senior Counsel
E-mail: mgertzer@law.nyc.gov
Phone: (212) 356-2654
Fax: (212) 356-3509

August 9, 2016

**BY ECF**
The Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Lilya Pilipenko, et al. v. City of New York, et al.</u>,
15 Civ. 6053 (NG)(PK)

Your Honor:

Defendants write seeking a pre-motion conference concerning plaintiffs' challenge of defendants' designation of the underlying investigation file (the "File") as confidential pursuant to the confidentiality stipulation that was so-ordered by the Court on May 11, 2016. Defendants respectfully request, pursuant to Paragraph 5 of the protective order (the "Protective Order") entered in this case, that this Court issue a ruling that the entire File remain confidential, or in the alternative that the Court at least rule that those portions of the File containing the investigation conclusions and analysis (produced to the plaintiff as DEF37-45 and 51-71)[1], as well as personal information of defendants (produced as DEF275-314), remain confidential.

This case arises out of an incident occurring on October 3, 2014, during which Denis Volchkin was fatally shot by an NYPD officer after Volchkin lunged towards him with knives in each hand while ignoring repeated orders to drop the knives. The incident was thoroughly investigated by NYPD, which came to certain conclusions. The File itself contains, *inter alia*, memoranda from different levels of investigation analyzing the incident, DD5s and

---

[1] If the Court wishes, defendants can provide a copy of the File for an *in camera* inspection.

other similar documents generated by the incident itself, as well as recordings of GO 15 interviews of the subjects and witness officers. It also contains what appear to be documents from defendant Moore's personnel file, including a picture of Moore.

As this Court will recall, at a conference held on May 10, 2016, I informed the Court that this office had obtained the File and would produce the complete file pursuant to a Protective Order, subject to minor redactions of personal information. Counsel for plaintiff raised no objection to designating the File as confidential, but rather indicated to the Court that he had received a draft protective order which at first glance appeared acceptable and that the parties would quickly be able to submit a joint proposed Protective Order to the Court. Defendants would never have voluntarily produced the File except pursuant to a Protective Order. A proposed protective order was filed on May 11, 2016 and so ordered by the Court that same day. Once the Protective Order was entered, defendants duly produced the File to plaintiffs in good faith.

Thereafter, on June 13, 2016, plaintiffs advised me that they intended to challenge the designation of the File as confidential, citing to *Schiller v. City of New York*, 04 CV 7921 & 7922 (KMK)(JCF), 2007 U.S. Dist. LEXIS 4285 (S.D.N.Y. Jan. 19, 2007). On July 6, 2016, counsel and I discussed the issue, but were unable to come to an agreement, thereby necessitating the within motion.

A party seeking to designate a document as confidential has the burden to show good cause for the document to remain confidential. *Cuno v. Pall Corp.*, 117 F.R.D. 506, 508 (E.D.N.Y. 1987). Ordinarily good cause exists where a party shows that disclosure will result in a clearly defined, specific injury. *In re Terrorist Attacks on September 11, 2001*, 454 F.Supp.2d 220, 222 (S.D.N.Y. 2006). While a court must consider the public interest at stake, no public right of access exists with respect to materials produced during the initial stages of discovery. *Id.* at 222, *citing United States v. Amadeo*, 71 F.3d 1044, 1050 (2d Cir. 1998).

In this action, defendants will be prejudiced by removing the confidential designation to the File. While the investigation into the incident concluded that the actual use of force was justified, the investigation also found that the subject officers did not act in accordance with certain Patrol Guide sections. The mere fact that an officer may have violated a section of the Patrol Guide is irrelevant to determining whether the officer acted unlawfully. *See e.g. Galapo v. City of New York*, 95 N.Y.2d 568, 574-575 (2000). Given the current climate of hostility towards the police, should the contents of the File become general knowledge, the jury pool will become tainted. Moreover, potential jurors, hearing that defendant officers violated Patrol Guide sections, will erroneously conclude that these defendants violated Volchkin's constitutional rights.

Furthermore, the File contains (Bates numbered as DEF275-314) various documents that appear to have come from defendant Moore's disciplinary and personnel files, including an image of Moore. In addition to the reasons already stated, this portion of the File should remain confidential as these pages contain Moore's personal information and are the types of documents contemplated as remaining confidential under ¶2(b) and (c) of the Protective Order. Moreover, in light of recent events police officers have an obvious security and privacy

interest in not having their personal information, including their images, made public. There is no public interest at stake for these documents.[2]

In contrast, plaintiffs cannot be prejudiced by designating the complete file as confidential. Plaintiffs already have the File and can use it in this action however they like. Keeping the File confidential will not impair plaintiffs' ability to prosecute this action.

The *Schiller* case relied upon by plaintiff is inapposite. In *Schiller*, defendants produced a large volume of documents prior to the entry of a protective order, and then sought retroactively to designate the entire production as confidential. Here defendants have only designated a single discrete File as confidential. The defendants in *Schiller* also relied upon the argument that the plaintiffs were actually seeking to modify the protective order, which we do not claim. Most importantly, unlike here, the defendants in *Schiller* never stated what the specific harm would follow should the documents in question lose their confidentiality designation.

Counsel for plaintiff has advised me that he has no intention of disseminating portions of the File to the media, and I take him at his word, but without the protections afforded by the Protective Order, defendants have no recourse if the jury pool is subsequently tainted by potential jurors who erroneously associate a violation of the Patrol Guide with a constitutional violation.

Finally, given plaintiffs' change of position concerning the File, defendants are now concerned about producing other documents that will also be designated confidential (and were clearly contemplated as confidential under the terms of the Protective Order) such as the officer defendants' employment and disciplinary files, as well as the crime scene photographs depicting the defendants.

Thank you for your consideration herein.

Respectfully submitted,

Michael K. Gertzer
Senior Counsel

cc: (all parties) Via ECF

---

[2] Moreover, crime scene documents, which this office has just received, contain photographs of the individual defendants. We intend to designate those photographs as "confidential."