

GABRIEL P. HARVIS
BAREE N. FETT

August 12, 2016

BY ECF
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

  Re: *Pilipenko, et al. v. City of New York, et al.*, 15 CV 6053 (NG) (PK)

Your Honor:

  I represent plaintiffs in the above-referenced civil rights action. I write to respectfully oppose defendants' letter dated August 9, 2016.

  At the outset, plaintiffs respectfully submit that they do not seek wholesale removal of the confidentiality designation regarding Firearms Discharge Review Board Case File No. 2014-66, produced at Bates Stamp nos. Def37-314 (the "File"), as suggested in that portion of defendants' letter that concerns officer photographs, personnel and disciplinary records. Plaintiffs agreed explicitly in the confidentiality stipulation negotiated in this case that such material is deserving of confidentiality, and have never suggested otherwise to the defense. Indeed, had defendants agreed to conduct the page-by-page review of the File proposed by plaintiffs in advance of filing their letter motion, that part of defendants' application would have been unnecessary.

  It is the remainder of the file, consisting of the findings of the closed investigation of the death of plaintiffs' son and the facts underlying that investigation, that plaintiffs believe was improperly designated. With regard to this aspect of the file, defendants' application falls far short of the showing necessary to sustain their burden under the good cause standard.

  Defendants' attempt to distinguish to *Schiller v. City of New York*, 04-CV-7921 (KMK) (JCF), 2007 WL 136149 (S.D.N.Y. Jan. 19, 2007) from this case is misguided.

Hon. Peggy Kuo
Aug. 12, 2016

If anything, the exhaustive and thoughtful discussion of the issues provided by the Hon. James C. Francis in the *Schiller* case provides a blueprint for the appropriate analysis here, on materially identical facts. In each case the City made across-the-board confidentiality designations that were not contemplated by the parties' endorsed stipulation, and the plaintiff in each case utilized the stipulation's stated provision to timely challenge the relevant designation:

> The plaintiffs have challenged the City's designation of certain discovery materials as "Confidential." Contrary to the City's assertion, the plaintiffs do not seek to modify the Protective Order or ask this Court to find that the Protective Order is unenforceable. Rather, the plaintiffs have exercised a right reserved to them under the terms of the Protective Order, which allows a party that "disagrees with the designation of particular materials as 'Confidential'" to raise the matter with the Court if the parties cannot resolve the disagreement.

*Id.* at *3.

Judge Francis began by emphasizing that "the party seeking a protective order under Rule 26(c) has the burden of showing that good cause exists for issuance of that order." *Id.* at *2 (collecting cases) (brackets and quotations omitted). The *Schiller* court defined good cause as follows:

> "Ordinarily, good cause [for a protective order] exists 'when a party shows that disclosure will result in a clearly defined, specific and serious injury.'" *In Re Terrorist Attacks,* 454 F.Supp.2d at 222 (citing *Shingara v. Skiles,* 420 F.3d 301, 306 (3d Cir. 2005)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. Moreover, the harm must be significant, not a mere trifle." *Cipollone,* 785 F.2d at 1121 (internal citations omitted); *see also Allen,* 420 F.Supp.2d at 302 (finding that "generalized and unsupported claims of harm that might result from disclosure" do not constitute good cause).

*Schiller*, 2007 WL 136149 at *5.

Hon. Peggy Kuo
Aug. 12, 2016

In the City's August 9th letter application, its only effort to show good cause regarding the material in dispute consists of a conclusory suggestion that the removal of confidentiality will inevitably result in taint of the trial jury pool. Such generalized concerns are the height of conjecture and are similar to, but less specific than, those presented to and rejected by Judge Francis in *Schiller.*

> The City also argues that the Court should find good cause for the continued confidentiality of the disputed documents because New York's Code of Professional Responsibility prohibits the plaintiffs' counsel, the New York Civil Liberties Union ("NYCLU"), from engaging in pretrial publicity. Specifically, the City claims that release of the documents at issue here would violate Disciplinary Rule 7-107, which prohibits any extrajudicial statement "that a reasonable person would expect to be disseminated by means of public communication if the lawyer knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding." The problem with the City's argument is that removing these documents from the scope of the Protective Order does not necessarily mean that they will be released to the public. The NYCLU must first determine whether disclosure of the documents would be consistent with its ethical obligations. Of course, the City might be able to establish good cause for a protective order by demonstrating that public disclosure would be substantially likely to prejudice the trial of these or other RNC-related cases. However, the City has made no attempt to show that any such prejudice would result from disclosure of the documents.

Id. at *6; *see also, e.g. Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F.Supp.2d 1353, 1363 (N.D.Ga. 2002) ("[T]he existence of public scrutiny or active media interest in a case does not control whether [a protective order] is warranted.").

Also weighing against continued confidentiality is the fact that the material facts and conclusions contained in the File were detailed in the First Amended Complaint, a publicly-filed pleading to which defendants in this case voluntarily consented. *See* First Amended Complaint, DE #14, ¶¶ 20-59. Under such circumstances, defendants

Hon. Peggy Kuo
Aug. 12, 2016

cannot now credibly argue for continuing confidentiality in the absence of a showing of good cause.[1]

Defendants' argument that plaintiffs have failed to demonstrate prejudice is also fundamentally flawed as plaintiffs do not bear the burden on this application and are not required to show prejudice. As Judge Francis explained:

> The City contends that the plaintiffs "have no legitimate interest in the use or dissemination of discovery materials" and have "articulated no prejudice to them [ ] that would result from maintaining the status quo," and that the Court should therefore find good cause for maintaining the confidentiality of the disputed documents. (Mirro 7/7/06 Letter at 4). Because the City bears the burden of demonstrating good cause, these claims are without merit.

*Schiller*, 2007 WL 136149 at *5, n.4.

Lastly, plaintiffs respectfully request that the Court consider, in rendering its decision, guiding principles regarding discovery in police misconduct cases developed in this district over the last quarter-century:

> The interest that without doubt looms largest in these cases is the public interest in giving force to the federal civil rights laws. Through constitutional amendment and national legislation the people have made it clear that the policies that inform the federal civil rights laws are profoundly important[.] Lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure:
>
>> Each citizen acts as a private attorney general who takes on the mantel of the sovereign, guarding for all of us the individual liberties enunciated in the Constitution. Section 1983 represents a balancing

---

[1] Plaintiffs respectfully submit that the Court can also easily dispense with defendants' argument that plaintiffs agreed to confidentiality over the entire File before it had even been produced to them. Indeed, ¶ 2 of the endorsed stipulation was intended to memorialize the parties' understanding of the contemplated categories of confidential material, and the File is not mentioned. Further, the inclusion of the mechanism described in ¶ 5 specifically contemplates and authorizes plaintiffs' objections.

Hon. Peggy Kuo
Aug. 12, 2016

> feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.

*King v. Conde*, 121 F.R.D. 180, 195 (E.D.N.Y. 1988) (quotations and citations omitted). Accordingly, plaintiffs respectfully request that defendants' application be denied in its entirety.

    Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:    Michael Gertzer, Esq.