

**GABRIEL P. HARVIS**
**BAREE N. FETT**

September 12, 2016

<u>BY ECF</u>
Honorable Peggy Kuo
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

  Re: *Pilipenko, et al. v. City of New York, et al.*, 15 CV 6053 (NG) (PK)

Your Honor:

  I represent plaintiffs in the above-referenced action. Plaintiffs write to respectfully request that defendants be compelled to produce outstanding disciplinary and personnel records by a date certain, and that plaintiffs be granted leave to continue the defendants' depositions once the material is received.

  For the past several months, the defense has indicated that personnel and disciplinary records of the defendants would be produced in advance of depositions. *See, e.g.*, DE #31 (Representing to the Court in July 2016 that defendants would "obtain and produce [the defendants' disciplinary and personnel records] to plaintiff[s] prior to depositions."). Based on such representations, the parties had scheduled depositions to commence this week, with defendant Moore, the officer who shot and killed plaintiffs' son Denis Volchkin, scheduled for a deposition tomorrow.

  As of last Friday, no disciplinary or personnel records of the defendants had been produced.[1] This is particularly significant as to Moore, who was revealed through the investigation to have been on performance monitoring at the time of the shooting based on his substandard performance evaluations. The information known to the City at the time of Moore's hiring and while he was employed is of vital relevance to plaintiffs'

---

[1] Plaintiffs also respectfully note that none of the defendants' memo book entries have been produced.

305 BROADWAY 14TH FLOOR » NEW YORK » NEW YORK 10007 « 212.323.6880 « FAX 212.323.6881

www.civilrights.nyc

Hon. Peggy Kuo
Sept. 12, 2016

claims against the municipality, and Moore's disciplinary and personnel records will also be critical to effectively deposing him.

Thus, plaintiffs wrote defendants over the weekend requesting immediate production of the outstanding material, or defendants' agreement to produce the material by a date certain with the depositions held open pending receipt. Defendants responded yesterday by producing, as to Moore, a few pages of redacted personnel forms and a total of three performance evaluations regarding the period 2008-2010 (Denis Volchkin was killed in October 2014). Plaintiffs immediately responded that the production was deficient, and that plaintiffs were entitled to a complete production of the material in advance of the depositions as previously agreed. The parties exchanged e-mails on the subject, but as of this writing the City has been unwilling to agree to either cure the deficiency immediately, or consent to depositions being left open with the imposition of a date certain deadline for production of the outstanding material.

Accordingly, plaintiffs respectfully request that defendants be ordered to produce complete personnel and disciplinary records as to the officers by a date certain, and that plaintiffs be granted leave to continue the depositions of any officers who are deposed under the existing Court-ordered schedule before a complete production has been tendered.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:    Michael Gertzer, Esq.

Page 2